# Lycoming Mutual Insurance Company *versus* Stocklomn.

1. When a policy of insurance stipulates that the aggregate amount insured in *this* and other companies on the property shall not exceed two two-thirds of the estimated cash value thereof, and greater insurance is made with notice to the company, the forfeiture is waived by subsequently making and collecting an assessment on the premium note.

2. When there are several policies on the same property with condition that only two-thirds of the estimated cash value shall be insured, in case of loss each policy is only liable its *pro rata* amount of said two-thirds of the cash value.

ERROR to the Court of Common Pleas of *Wayne County*.
Assumpsit on a policy of insurance.

*Dimmick*, for plaintiff in error—defendant below.

The opinion of the court was delivered May 5, 1856, by

KNOX, J.—In the policy, of insurance upon which this action
was brought it is expressly stipulated, "that in all cases of
other insurances upon the property insured, whether prior or
subsequent to the date of this policy, in case of loss or damage
by fire, the insured shall not be entitled to demand and recover
on this policy a greater proportion of the loss or damage sus-
tained than the amount hereby insured shall bear to the whole
amount insured on the said property." Further, "that the
aggregate amount insured in this and other companies on the
above-mentioned property shall not exceed two-thirds of the
estimated cash value."

The estimated cash value mentioned in the policy was five
hundred dollars. The amount of the insurance was three hun-
dred thirty-three dollars—two-thirds of the estimated value, so
that any further insurance, being in violation of the agreement,
would render nugatory the policy. It is said, however, that
the company had notice of the additional insurance, and elected
not to avoid the policy, but treated it as in full force by con-
tinuing thereafter to make and collect assessments upon it.
This branch of the charge is entirely unobjectionable. The
question was fairly submitted to the jury, and found against the
company. But there was error in permitting the jury to find
under the evidence that the company was liable for the whole
amount insured in the policy. The implied waiver arising from
the assessments, and from what was said by the agent, would
apply only to that part of the contract which declared that
only two-thirds of the estimated value should be insured, leav-
ing in full force the stipulation that in the event of other in-
surances only a proportionate part of the amount insured should
be demanded from the Lycoming Company.

Now, as there was no evidence given that the loss sustained
was greater than the estimated value of the property, which
was five hundred dollars, the plaintiff was only entitled to re-
cover upon the policy in suit that proportion of the said sum
of five hundred dollars which the amount insured in the policy,
viz., three hundred and thirty-three dollars, bore to the whole
amount insured on the property, viz., six hundred and thirty-
three dollars. The amount would be ascertained thus: If
$633 give $500, what would $333 give? The answer is
$263 03. After the fact was found by the jury that the com-
pany assented to the additional insurance, the verdict should

have been for $263 03. And as we have discovered no other error in this case, we will affirm the judgment if the plaintiff will release the excess, otherwise it must be reversed.

Judgment reversed, and a *venire de novo* awarded, unless the plaintiff, within thirty days after receiving notice hereof, files a release for all of the judgment but $263 03 and interest from the rendition of the verdict, in which case judgment is to be entered, affirmed for said amount with costs.