# The Associated Firemen's Insurance Company *vs.* Frederick Assum.

A policy of insurance "to the amount of $1000, say $700 on stock of books and stationery, and $300 on music, musical instruments, fancy goods, bronze powder and medicines," contained a covenant, that if the assured "shall hereafter make any other insurance on the hereby insured premises, he shall, with all reasonable diligence, notify the same to this corporation," &c., "or in default thereof, this policy shall cease and be of no effect." HELD:

That the proper construction of this covenant is, that *if any part of the goods* mentioned in the policy was afterwards insured in any other insurance office without notice, as provided in the covenant, the whole policy thereby *becomes void.*

APPEAL from the Superior Court of Baltimore city.

*Covenant* by the appellee against the appellant on a policy of insurance, made 10th of October 1850, for one year, and afterwards continued for another year. By agreement all errors in pleading were waived, and leave given to each party to offer any evidence admissible under any state of pleading.

*Exception.* The plaintiff offered in evidence the policy sued on, which insured him "against loss or damage by fire to the amount of $1000, say $700 on stock of books and stationery, and $300 on music, musical instruments, fancy goods, bronze powder and medicines contained," &c.; and contained a proviso, that "if the assured, or his assigns, shall hereafter make any other insurance on the hereby insured premises, he shall, with all reasonable diligence, notify the same to this corporation and have the same endorsed on this policy or otherwise acknowledged, in writing, by this corporation, or in default thereof, this policy shall cease and be of no effect." This policy was continued by the following endorsement thereon, signed by the secretary of the company: "Received, October 2nd, 1851, $7.50, premium on $1000, to expire at noon October 10th, 1852."

The plaintiff then proved, that on the 19th of November

1851, he effected insurance with the Baltimore Fire Insurance Company as follows: "That is to say, $600, say $300 on each of two piano fortes, $150 on printed music, and $50 on vegetable powders in glass bottles, making $800 contained," &c.; "$300 now insured on music, musical instruments, fancy goods, bronze powders and medicines, in the Associated Firemen's Insurance Company." He then offered evidence as to the contents of the store, the fire and the damage sustained.

The defendant proved that plaintiff asked additional insurance of defendant, in June 1851, and again just previous to the fire, which the latter declined; and also, that defendant had no notice of the insurance with the Baltimore Fire Insurance Company till after the fire; and then asked an instruction to the jury, in substance, that if they found that any part of the goods and chattels mentioned in, and intended to be insured by, the policy in the Baltimore Fire Insurance Company were also included in, and intended to be covered by, the policy sued on, the plaintiff cannot recover in this suit, because he has not shown a notice of such other or additional insurance to, and endorsement thereof by the defendant, on the policy in suit. The court, (FRICK, J.,) rejected this prayer and instructed the jury that the plaintiff could not, in this action, recover for any property insured by the defendant, if they believe that the same property was afterwards insured by the plaintiff with the Baltimore Fire Insurance Company without proper notice thereof to the defendant.

To this ruling the defendant excepted. The verdict was in favor of the plaintiff for $854.42 and judgment accordingly, from which defendant appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, MASON and TUCK, J.

*T. P. Scott* for the appellant.

1st. The defendant's prayer ought to have been granted,

because the terms of the policy were violated by the plaintiff in making "other insurance on the hereby insured premises" without giving notice thereof to the defendant, which he was bound to do and must affirmatively show that he did do, and the policy is therefore void. See 2 *Hall's N. Y. Rep.*, 493, *Moadinger vs. Mechanics Fire Ins. Co.* 5 *Ohio*, 468, *Harris vs. Ohio Ins. Co.* 17 *Wend.*, 359, *Bowery Fire Ins. Co., vs. N. Y. Fire Ins. Co.* 16 *Pet.*, 495, *Carpenter vs. Providence Washington Ins. Co.* 4 *How.*, 216. Double insurance is where the same party insures the same property twice with a view to a double compensation. *Angel on Fire Ins.*, 21, 131. Additional insurance is where the same party insures the same property after it has improved or increased in value, for the purpose of additional security. Separate valuation in the same policy does not, as a general rule, require the policy to be construed as separate insurances. The cases cited on the other side are exceptions to the general rule, and depend upon the peculiar phraseology of the particular policies. The exception is, that where the language of the policy is equivocal or admits of alternate constructions, that construction will be given which favors indemnity; but in this policy there is neither *equivocal* language nor such as will admit of alternate constructions. Its conditions do not point solely to a case of double insurance, but apply to and embrace both double and additional insurances. The subject matter insured the second time was the same. But the *renewal* of this policy is the same as that in the case in 10 *Barbour*, 440, cited upon the other side, and upon that authority there is an end to the separate policies if they ever were such at the beginning.

2nd. The instruction granted by the court is erroneous, because:—1st, the policy sued on being a contract in writing, its construction is a matter of law to be settled by the court and not the jury. 2nd, the property insured being a shifting stock of merchandise, the court erred in deciding that the plaintiff must recover unless the jury believed the property in the second policy was "*the same property*" insured by the

defendant; the instruction goes upon the idea of *identity* instead of *similarity* of a shifting stock, and was, therefore, calculated to mislead the jury. 3rd, there was also error in referring it to the jury to determine what was "proper notice" to the defendant.

*Wm. F. Frick* for the appellee.

There are but two questions in the case:—1st. Is there a double insurance at all? 2nd. If there is a double insurance of a part only, does this vitiate the whole policy?

1st. There was no *double* insurance. Double insurance and contribution are correlative terms, and there can be no such thing as a double insurance where there is not a right of contribution between the insurers. Here the first insurance was $300 on music, musical instruments, &c., *generally;* the second on piano fortes, printed music, &c., *separately* valued; and upon all the authorities there can, in such a case, be no contribution between the insurers, and therefore no double insurance. *Angel on Ins.*, 21, 131. 5 *Hill*, 298, *Howard Ins. Co., vs. Scribner.* 10 *Barbour*, 440, *Driggs vs. Albany Ins. Co.* 2 *Watts & Seargt.*, 545, *Stacy vs. Franklin Ins. Co.* 1 *Marshall on Ins.*, 146, 148. 2 *Do.*, 600, 601, 788.

2nd. The rule is, that all policies of insurance are to be construed liberally and always in favor of the insured—they are not subjected to any critical strictness or technical interpretation. 1 *Duer on Ins.*, 161 to 166. Here, though all the goods to the extent of $1000 were covered by one policy, yet by its true construction there were separate and distinct contracts of insurance, one for $700 on books and stationery and the other for $300 on music, musical instruments, &c., each governed by the general clauses of the policy; and the condition as to double insurances means, that if double insurance be effected, without notice, on *all* the property insured, then the policy is void; if upon *one only* of the separately valued subject matters of insurance, then it shall be void as to that *one only*. *Marshall on Ins.*, 600, 601. 12 *Mass.*, 80, *Davis vs. Boardman.* 7 *Hill*, 122, *Trench vs. Chenango*

Co. Ins. Co. 10 Johns., 234, Deidericks vs. Commercial Ins. Co. There was no double insurance on the stock of books and stationery valued at $700, and there was, therefore, no forfeiture of his insurance on these.

3rd. If either of the above positions be correct, the court was right in refusing the defendant's prayer. The instruction granted did no injury to the defendant, because it being admitted that no notice of the second insurance was given, the question of notice was not in the case; and the question, whether the goods were the same, is a question of fact for the jury. 2 McMullan, 220, Neve vs. Columbia Ins. Co.

MASON, J., delivered the opinion of this court and his own separate opinion as follows:

The court are of opinion this judgment ought to be reversed. A majority of the court think that the proper construction of the covenant is, that if any part of the goods mentioned therein was afterwards insured in any other insurance office without notice to the appellants, as provided in the covenant, the policy thereby becomes void and of no effect, and therefore it was error in the court below to refuse the instruction asked for by the appellants.

While I concur with the court that the judgment ought to be reversed, I base my opinion upon different grounds. Although there was but one policy of insurance in fact, yet it embraced, in my opinion, two distinct and separate insurances, one for $700 and the other for $300, upon different goods. The proper construction of the covenant, I think, is this: if any of the goods embraced in either one of the contracts were insured in another office without notice, it vitiated the policy only as to that contract of insurance in which the goods thus reinsured were embraced; and if a part of the goods embraced in each contract was afterwards insured elsewhere without notice, it would vitiate the whole policy, and there could be no recovery against the appellants by the appellee in this action.

The instruction which was given by the court seems to be based upon the assumption, that the liability of the appellants

22    v.5

was discharged only to the extent of the goods actually afterwards reinsured, and the verdict of the jury appears to rest upon the same grounds, otherwise it would be difficult to discover how the amount of the verdict was arrived at.

I think, therefore, the instruction which was given by the court was wrong, while I think that asked for by the appellants was properly refused.

*Judgment reversed and procedendo awarded.*