# Meigs *v.* Insurance Company of North America.

*Insurance—Double insurance—Adjustment—Fire insurance.*

When two policies insure the same property, but one of them covers other property also, without specifying how much insurance applies to each property, a case of double insurance is not presented and the policies do not prorate.   Clark v. Western Assurance Co., 146 Pa. 561, affirmed.

M. placed fire insurance (class A) on building and contents, with " privilege granted to make additions . . . . and this policy to cover on and in same."   He made an addition and placed specific insurance (class B) on the addition and contents.   The specific policies provided that " this company shall not be liable under this policy for a greater proportion of any loss on the described property . . . . than the amount hereby insured

shall bear to the whole insurance." Subsequently a fire damaged the old building and contents slightly and the addition and contents seriously. The damage to the addition was less than the amount of specific insurance, the damage to the contents of the addition was greater than the specific insurance, and the damage to the old building and to its contents was much less than the insurance on each respectively. *Held*, that the loss upon the addition and its contents must be borne by class B policies and that class A policies did not prorate with class B policies in bearing the loss upon the addition and its contents.

MITCHELL, J., dissents.

Argued Feb. 3, 1903. Appeal, No. 318, Jan. T., 1902, by defendant, from order of C. P. Montgomery Co., June T., 1902, No. 83, dismissing exceptions to findings of fact and conclusions of law of court and entering final judgment in favor of plaintiff in case of John Meigs v. The President & Directors of the Insurance Company of North America. Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit to recover from the defendants their pro rata share of loss by fire upon a wing of the Hill school at Pottstown and its contents.

The case was tried under the provisions of the act of April 22, 1874, on June 24, 1902, before SWARTZ, P. J., without a jury.

From the adjudication it appeared that, February 17, 1900, plaintiff had placed, in ten different companies, fire insurance aggregating $130,000 upon the building, and $50,000 upon its contents. These policies each contained the provision: "Privilege granted to make additions, alterations and repairs, and this policy to cover on and in same," and were referred to by the court as class A.

Subsequently plaintiff built an addition and, on October 27, 1901, placed in thirteen companies specific insurance aggregating $60,000 upon the wing or addition and $7,500 upon its contents. These policies were referred to by the court as class B and each contained the following clause:

" This company shall not be liable under this policy for a greater proportion of any loss on the described property, or for loss by any expense of removal from premises endangered by fire, than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property . . . ."

On December 29, 1901, a fire occurred which caused loss adjusted as follows: loss on east wing building, $28,668.50; loss on contents in east wing, $13,250 (This item includes students' wearing apparel, $4,500); loss on buildings other than east wing, $1,815.65; loss on contents in buildings other than east wing, $2,382.30.

The defendants had issued one of class B policies and contended that their pro rata share was to be determined by considering not only the other class B policies but also the class A policies. They paid to plaintiff the amount due according to this view, $1,573.25, without prejudice.

On August 18, 1902, SWARTZ, P. J., filed separate findings of fact and conclusions of law adverse to the defendant's contention and entered judgment for plaintiff for $2,504.94, the amount due in addition to the amount already paid.

On September 3, 1902, defendant filed exceptions. On November 17, 1902, the exceptions were dismissed and final judgment entered for plaintiff.

*Errors assigned* were in dismissing exceptions to the adjudication.

*G. W. Pepper*, with him *Montgomery Evans*, for appellant.— The question is do the general (class A) policies share in the loss upon the addition and its contents or do the specific (class B) policies bear the entire loss thereon?

Class A policies cover the addition. If class B policies had not been written, class A policies would have borne the entire loss upon the addition and its contents.

There is no room for the contention that, after first exhausting the class A insurance, the insured is entitled to fall back upon the class B insurance. Either both classes rank together or class A policies escape entirely: Merrick v. Germania Ins. Co., 54 Pa. 277.

There are two standard clauses in regard to "other" or "double" insurance: First, that other insurance shall avoid the policy and, second, the one here involved, which is the pro rata contribution clause.

Where there is specific insurance providing against other or double insurance upon the property covered, and another policy

is taken out covering that and other property, there is double insurance which defeats recovery on the specific policy: Bard v. Penn Mutual Fire Insurance Co., 153 Pa. 257; Associated Firemen's Ins. Co. v. Assum, 5 Md. 165; Phœnix Ins. Co. v. Michigan Southern, etc., R. R. Co., 28 Ohio, 69.

The clause in question was introduced merely to avoid circuity of action in working out the equities of contribution between coinsurers. Before its introduction, the insured might recover the entire amount of the loss from any insurer, and the insurer paying might then recover contribution from the other insurers: Thurston v. Koch, 4 Dal. 348; Cromie v. Kentucky, etc., Mut. Ins. Co., 15 B. Mon. 432; Arnould on Marine Ins. p. 1113; Joyce on Insurance, secs. 1416, 2489, 3472. It obviously has no effect where two policies cover precisely the same property and the amount of the loss is greater than the total amount of insurance. And where two policies cover the same property, but one of them covers a second property also, and there is a loss upon the two properties, the loss upon the second property being greater than the amount of the insurance upon the second property, this clause was not intended to apply. To give effect to it upon such facts would be to defeat the object of the contract,—full indemnity to the insured: Angelrodt & Barth v. Delaware Mut. Ins. Co., 31 Mo. 593; Sloat v. Royal Ins. Co., 49 Pa. 14; Phillips v. Perry County Ins. Co., 7 Phila. 673; Royal Ins Co. v. Roedel, 78 Pa. 19.

But where to give effect to this clause, as here is the only means of giving full indemnity to the insured, effect should be given to it. If class A policies do not share the loss upon the wing and its contents, inasmuch as the loss upon contents was greater than the amount of class B insurance, the insured will not be fully indemnified, although he has paid for enough insurance in the two classes (A and B) to entirely cover this loss: Merrick v. Germania Ins. Co., 54 Pa. 277; Page v. Sun Ins. Co., 36 U. S. App. 672; Home Insurance Co. v. Balto. Warehouse Co., 93 U. S. 527; Blake v. Exchange Mut. Ins. Co., 78 Mass. 265; Odgen v. East River Ins. Co., 50 N. Y. 388; Mayer v. Amer. Ins. Co., 2 N. Y. Supp. 227; Mayer v. Amer. Ins. Co., 18 Ins. L. J. 156; Hough et al. v. Peoples' Fire Ins Co., 36 Md. 398.

In Clarke v. Western Assurance Co., 146 Pa. 561, the poli-

cies, properly construed, did not describe the same property at all.    The case is, therefore, not in point.    If it be taken as a decision upon facts similar to the facts in this case, it is submitted that the rule there enunciated should be reconsidered and modified.

In Lumberman's Exchange v. Am. Cent. Ins. Co., 183 Pa. 366, the interests insured were different.    It is well settled that there can be no contribution nor prorating in such cases : Fox v. Phenix Fire Ins. Co., 52 Me. 333 ; Liverpool, etc., Ins. Co. v. Verdier, 33 Mich. 138 ; Tuck v. Hartford Fire Ins. Co., 56 N. H. 326 ; Adams v. Greenwich Ins. Co., 9 Hun, 45 ; Hastings v. Westchester Fire Ins. Co., 73 N. Y. 141 ; Woodbury Savings Bank v. Charter Oak Ins. Co., 31 Conn. 517 ; Niagara Fire Ins. Co. v. Scammon, 35 Ill. App. 582 ; Nichols v. Fayette Mut. Fire Ins. Co., 83 Mass. 63 ; Wheeler v. Watertown Fire Ins. Co., 131 Mass. 1 ; Traders' Ins. Co. v. Robert, 9 Wend. 404 ; Guest v. New Hampshire Fire Ins. Co., 66 Mich. 98 ; Joyce on Ins. sec. 2470.

As to the intention of the parties as derived from sources other than the policy itself, see : Martin v. Berens, 67 Pa. 459 ; Smith v. National Life Ins. Co., 103 Pa. 177 ; Medary v. Cathers, 161 Pa. 87 ; Dixon-Woods Co. v. Phillips Glass Co., 169 Pa. 167 ; Weisenberger v. Harmony Fire, etc., Ins. Co., 56 Pa. 442.

*N. H. Larzelere*, with him *Muscoe M. Gibson* and *Gilbert R. Fox*, for appellee—The simple question is whether Sloat v. Royal Ins. Co., 49 Pa. 14, Royal Ins. Co. v. Roedel, 78 Pa. 19, Clarke v. Western Assurance Co., 146 Pa. 561, and Lumberman's Exchange v. Am. Cent. Ins., Co., 183 Pa. 366, are still the law of this state, or to be overruled.    The Sloat case was decided in 1865 ; Roedel in 1875 ; Clarke in 1892 ; and the Lumberman's Exchange in 1898, hence, the original decision was made thirty-seven years ago, and has been three times reconsidered. It does not, therefore, come before us as an original question long ago decided and which has slumbered many years until new conditions and new views render a reversal or modification necessary.

In Grandin v. Rochester German Insurance Co., 107 Pa. 26, it was decided that fire insurance was a contract of indemnity,

and policies must have a reasonable construction in view of that main intent of the parties, having reference to the peculiar nature and situation of the subject-matter insured; and if obscurity in its meaning exists, it must be construed as between the parties most strongly against the insurance company which issued it.

As to the intention of the parties as derived from sources other than the contract, see: Stacey v. Franklin Fire Ins. Co., 2 W. & S. 506, 545; Fraim v. Nat. Fire Ins. Co., 170 Pa. 151; Wood on Fire Ins. sec. 379; Mentz v. Lancaster Fire Ins. Co., 79 Pa. 475; Lycoming Mut. Ins. Co. v. Sailer, 67 Pa. 108; Steele v. Franklin Fire Ins. Co., 17 Pa. 290; Foster v. U. S. Ins. Co., 28 Mass. 85; Clinton v. Hope Ins. Co., 45 N. Y. 454; Parks v. General Interest Assurance Co., 22 Mass. 34; Astor v. Union Ins. Co., 7 Cowen, 202; Meadowcraft v. Standard Fire Ins. Co., 61 Pa. 91; Davis Lumber Co. v. Hartford Fire Ins. Co., 37 L. R. A. 131; Newark Machine Co. v. Kenton Ins. Co., 22 L. R. A. 768; Hanover Fire Ins. Co. v. Dole, 50 N. E. Repr. 772; Elliott on Fire Ins. sec. 301; Grove v. Donaldson, 15 Pa. 128; Fire Assn. v. Rosenthal, 108 Pa. 474; Brownfield's Exrs. v. Brownfield, 151 Pa. 565; Wolf v. Guffey, 161 Pa. 276.

OPINION BY MR. JUSTICE MESTREZAT, April 20, 1903:

In Sloat v. Royal Insurance Co., 49 Pa. 14, decided by this court in 1865, the definition of "double insurance" is stated by READ, J., as follows: "Double insurance takes place when the assured makes two or more insurances on the same subject, the same risk, and the same interest. If there be double insurance, either simultaneously or by successive policies, in which priority of insurance is not provided for, all are insurers, and liable pro rata. All the policies are considered as making but one policy, and, therefore, any one insurer who pays more than his proportion, may claim a contribution from others who are liable. Fire policies usually contain express and exact provisions on this subject." It was there held, following the rule adopted in Howard Insurance Co. v. Scribner, 5 Hill, 298, that where one policy of insurance in a company covers the building of the party insured and a subsequent policy in another company covers the building, machinery, tools, etc., it was not a case of a double insurance. In that case there was a $2,000

policy on the building and a $2,500 policy on the building, machinery, tools, etc.   In a suit on the former policy, the plaintiff was allowed to recover the entire amount of the policy and the defendant was not permitted to prorate with the $2,500 policy. This case has been followed and approved in subsequent decisions of this court, the most recent of which containing a full discussion of the subject, is Clarke v. Western Assurance Co., 146 Pa. 561.   The pro rata clause in that case was identical with the one in the case at bar.   There, Chief Justice PAXSON delivering the opinion, reviewed the former cases of this court on the subject and held that the case of Sloat v. The Insurance Co., was well decided and has since been followed in all our decisions.   The opinion says : " Sloat v. Insurance Co. has been the law of this state for over a quarter of a century, and we would not disturb it now, unless for grave reasons.   It has been accepted and acted upon in the adjustment of losses. Moreover, it has been expressly recognized as law by later cases. . . . We are now asked to overrule it, because Howard Insurance Co. v. Scribner, cited by Justice READ, has been overruled in New York by Ogden v. East River Insurance Co., 50 N. Y. 388.   With the highest regard for the able and learned judges who decided that case, we are not disposed to follow them in this instance.   We can only do so by overturning our own cases, and we have not been convinced that they are erroneous.   Our own rule is a safe one, and easily understood."   It was accordingly held to be the settled law of the state that when two policies insure the same property, but one of them covers other property also, without specifying how much of the insurance applies to each property, a case of double insurance is not presented and the policies do not prorate.

The result reached by the trial judge in this case is sustained by the rule enunciated in all our decisions, and unless we overrule them, the judgment of the court below must be affirmed.   This we have no intention of doing.   For thirty-eight years the losses covered by insurance policies in this state have been adjusted in conformity with the doctrine of Sloat v. Insurance Company.   The rule announced in that case is recognized and well understood as the law of the state by both the insurer and the policy holder, and to modify or

change it now, with the vast interests depending upon its enforcement, would require stronger and more convincing reasons than have yet been presented. As said by Chief Justice PAXSON, the rule is a safe one and easily understood. It works manifest justice by giving the policy holder the full value of his policy and in requiring from the insurer only the consideration which the amount of the premium exacts.

The contract of fire insurance is one of indemnity. The intention of Dr. Meigs was to indemnify himself against loss on his property to the full amount of both classes of policies. We must presume that the insurance company intended that he should have protection to that extent. He paid a premium that entitled him, in the event of a total loss, to the payment of the full sum named in the policies. Unless, therefore, there is something in the contract that would prevent, it should be construed so as to give effect to the intention of the parties. It is contended by the defendant company that the pro rata clause requires the two classes of policies in case of a partial loss to contribute ratably to the loss on the east wing and its contents. Clearly the application of that doctrine would not give full effect to both classes of policies and protection to the insured to the amount of the policies. It must be conceded that that rule has no application where there is a total loss of the whole property and, as we have seen, it has been so decided by the court. It, therefore, might be sufficient to say that the rule cannot have a dual application, that it must be applied alike in case of a total and a partial loss. In a case of partial loss, it is apparent that it would deny to the insured the full value of his policy. If a pro rata contribution is to be enforced here against class A policies on the loss to the east wing and its contents, then the full amount of those policies will not hereafter be available in case of a loss on the main building and its contents. To the extent of the sum taken from class A policies and applied to the loss on the east wing and its contents, the protection of those policies is withdrawn from the main building. This interpretation of the contracts, evidenced by the two classes of policies, not only does manifest injustice to the plaintiff as regards his indemnity on the A policies, but also effects a result that deprives him of the full value of his B policies. These policies contract to pay him $60,000 in

case of a total loss of the east wing of the building. If, however, the A policies, $135,000, on the main building, prorate with the B policies, the latter will contribute about one third of their value to the loss on the east wing. The residue of the B policies which insure no other part of the plaintiff's buildings, is retained by the companies and the plaintiff loses it. Such a construction of the policies is not a reasonable one, is against the obvious intention of the parties, and should not be applied.

It is contended by the defendants that unless both classes of policies contribute ratably to the loss on the east wing and its contents, the plaintiff will not be indemnified to the full extent of his loss on the contents of the wing; and that is urged in support of the defendants' construction of the policy. But we do not regard the fact as sustaining the contention. If the B policies pay the entire loss on the east wing and its contents, the plaintiff gets the full value of his policy and that is all he has a right to demand. If that is not sufficient to meet his loss, the fault lies with him in not taking adequate insurance, and not with the interpretation which is here placed on his contracts.

We regard the question raised on this record as settled by the principles announced in the decisions of this court in which the reasons for the rule are fully given, and hence we need not prolong this opinion. In the view we take of the case, the admission of the parol testimony and the action of the court thereon become immaterial, and, hence, the assignments relating thereto need not be considered.

The judgment is affirmed.

MITCHELL, J., dissenting.

Double insurance is, or ought to be, wherever there are two separate insurers liable for the same loss. The fact that one policy covers more property or wider risks than the other does not prevent the insurance being double on subjects covered by both.

If there had been no class B in the present case and the wing had burned, class A would have been liable to the extent of its policies, but there being a class B both were liable for the same loss, and that is double insurance. If class B policies were not sufficient to cover the entire loss on the contents of the

wing, which was the case here, the insured would be deprived of the full indemnity for which he paid. It is understood that class A have agreed to indemnify the plaintiff but the case is none the less dangerous in its effect on the rights of insurers.

There is no difficulty about the ratio. Class A covered risks on $190,000 and class B on $60,000, and that should be the ratio of their liabilities.

It is said that the insured's right to cover additions to the building by the same policies in class A was a privilege. But that is not a correct statement. The rights of the parties were fixed by the first contract not by any intention or choice subsequently. To build the addition was a privilege but to have it covered by the policy when built was a right, and involved the reciprocal right of class B to hold class A for contribution on a loss covered by the policies of both.

This is not only clear on principle but I have not seen in any case an adequate answer to it. It must be admitted frankly that there is some difficulty in the language of the authorities in this state. The cases whether decided rightly or wrongly are settled and I would adhere to them. But the principle of law was expressed in some of them much more broadly than the case called for, and I would narrow the expression to what was really necessary in each case. The rule laid down is not properly, logically or equitably applicable to a case like the present.