# P. W. Ziegler Company, Appellant, *v.* Commercial Union Assurance Company.

*Insurance—Fire insurance—Double insurance—Pro rating.*

1. Double insurance takes place when the assured makes two or more insurances on the same subject, the same risk, and same interest. If there be double insurance, either simultaneously or by successive policies in which priority of insurance is not provided for, all are insurers, and liable pro rata. All the policies are considered as making but one policy, and, therefore, any one insurer who pays more than his portion, may claim a contribution from others who are liable.

2. Where the insured has a policy covering several parcels of property, and also has specific insurance covering one of said parcels, the latter insurance must be entirely exhausted before the other policies can be called upon for contribution to the loss. Such character of policies do not pro rate in anyway with each other. This is because the two classes of policies are not on the same subject risk, and interest.

Argued Dec. 15, 1908. Appeal, No. 180, Oct. T., 1908, by plaintiff, from order of C. P. No. 1, Phila. Co., June T., 1908, No. 540, making absolute rule for judgment for want of a sufficient affidavit of defense in case of The P. W. Ziegler Co. v. The Commercial Union Assurance Company of London. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit on a policy of fire insurance.

The opinion of the Superior Court states the facts of the case. Plaintiff appealed.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense in the sum of $800.55 instead of $956.49.

*C. Wilfred Conrad,* for appellant.—The policy is to be construed in such a way as to pay the loss: Sloat v. Ins. Co., 49 Pa. 14; Ins. Co. v. Kepler, 106 Pa. 28; Meigs v. Ins. Co., 205 Pa. 378; Schmaelzle v. Fire Ins. Co., 75 Conn. 397 (53 Atl.

Repr. 863); Grandin v. Ins. Co., 107 Pa. 26; McKeesport Machine Co. v. Ins. Co., 173 Pa. 53; Western Ins. Co. v. Cropper, 32 Pa. 351; Merrick v. Ins. Co., 54 Pa. 277; Joyce on Ins., sec. 220.

Under the coinsurance clause it was early decided that where one policy covered one item of property and another policy covered the same items and others, that the first policy could not claim the right to pro rate the loss with the second policy because the result would be obviously unjust to the assured and would not give him full indemnity: Sloat v. Insurance Co., 49 Pa. 14; Clark v. Assurance Co., 146 Pa. 561; Herr v. Greenwich Ins. Co., 20 Pa. Superior Ct. 169; Meigs v. Ins. Co., 205 Pa. 378; Schmaelzle v. Fire Ins. Co., 75 Conn. 397 (53 Atl. Repr. 863).

*Frank R. Shattuck,* for appellee.—The standard authority in the state of Pennsylvania regarding apportionments is Sloat v. Royal Insurance Co., 49 Pa. 14, decided in 1865. See also Clarke v. Western Assurance Co., 146 Pa. 561; Meigs v. Ins. Co. of North America, 205 Pa. 378; Yanko v. Standard Fire Ins. Co., 31 Pa. Superior Ct. 1.

OPINION BY MORRISON, J., February 26, 1909:

The defendant company, with others, issued their policies to the plaintiff in the amount of $4,750, covering stock contained in the premises 221–227 Locust street, Philadelphia. Certain other fire insurance companies issued their policies to the plaintiff in the amount of $5,000, covering the stock contained in one of said buildings only, 227 Locust street. The sound value of the stock contained in the buildings 221 and 225 Locust street was $4,500, and the loss thereon $4,154.97. The sound value of the stock in the one building at 227 Locust street was $5,251.75, and the loss thereon, $3,651.76. The total sound value, therefore, of all of the property covered by the policy of the defendant company was $9,751.75. All of the policies contained what is commonly known as the "reduced rate average clause," the same being attached thereto, which provides as follows: "In consideration of the reduced rate at which this policy is written,

it is expressly stipulated and made a condition of this contract, that this company shall be liable for no greater proportion of any loss than the amount thereby insured bears to 100 per cent of the actual cash value of the property described herein at the time when such loss shall happen," etc. This we conceive is the important portion of the clause bearing upon the questions involved in this appeal.

The plaintiff brought suit on one of the policies covering the property in the premises 221–227 Locust street and claimed the right to recover $956.49, with interest. The defendant filed an affidavit of defense contending that it was only liable, under its policy, for $800.55, and admitted that sum to be due. The plaintiff entered a rule for judgment for want of a sufficient affidavit of defense and the learned court below made the rule absolute for $800.55, and the plaintiff appealed.

While the learned court below does not favor us with an opinion it is very evident that he considered the question involved to be ruled by Sloat v. Royal Ins. Co., 49 Pa. 14, decided in 1865.

That case has been recognized as the law in Pennsylvania down at least until Meigs v. Ins. Co. of North America, 205 Pa. 378, where its doctrine is followed and approved. In the Sloat case the principle, which we think controls the present case, is stated by READ, J., as follows: "Double insurance, says Arnould, takes place when the assured makes two or more insurances on the same subject, the same risk, and the same interest. If there be double insurance, either simultaneously or by successive policies, in which priority of insurance is not provided for, all are insurers, and liable pro rata. All the policies are considered as making out one policy, and, therefore, any one insurer who pays more than his proportion, may claim a contribution from others who are liable. Fire policies usually contain express and exact provisions on this subject." It was there held that where one policy of insurance covers the building of the party insured and a subsequent policy in another company covers the building, machinery, tools, etc., it was not a case of a double insurance. In that case there was a $2,000 policy on the building and a $2,500 policy on the building, machinery, tools, etc. In a suit on the former policy the plaintiff was allowed to

recover the entire amount of the policy and the defendant was not permitted to pro rate with the $2,500 policy. For an interesting discussion of the question thus raised, see opinion of Justice MESTREZAT in Meigs v. Ins. Co. of North America, 205 Pa. 378.

The learned counsel for appellee states, we think correctly, the rule in that case as it should be applied in the present case under the "reduced rate average clause," to wit: "Where the assured has a policy covering several parcels of property, and also has specific insurance covering one of said parcels, the latter insurance must be entirely exhausted before the other policies can be called upon for a contribution to the loss. Such character of policies do not pro rate in any way with each other." This because the two classes of policies are not on the same subject, risk and interest. One class being on the property in 221–227 and the other upon 227 alone, Locust street. If the liability of the present defendant is controlled by the doctrine of Sloat v. The Royal Ins. Co., 49 Pa. 14, then it is conceded, as we understand, that the learned court below granted judgment for the correct amount. This being so, it is unnecessary for us to state the method pursued in arriving at that amount.

The learned counsel for appellant has furnished us with an elaborate and ingenious argument by which he reaches the conclusion that the judgment granted by the court below is $155.94, and some interest, too small. A somewhat patient examination of his argument and authorities fails to convince us of the soundness of his conclusion. He practically asks us to overrule or modify the rule of law as to the question here involved which has been followed by our Supreme Court uniformly since the decision of the Sloat case in 1865. We cannot adopt the learned counsel's theory without overruling what we understand to be the settled law of Pennsylvania as declared by our Supreme Court. This we have neither the power nor the disposition to do.

We further cite Clarke v. Assurance Co., 146 Pa. 561, and call attention to the opinion of Mr. Chief Justice PAXSON where he discusses at some length the case of Sloat v. Ins. Co., 49 Pa. 14. See also our own case of Yanko v. Standard Fire Ins. Co.,

31 Pa. Superior Ct. 1.   As we understand the present case, the court below reached a correct conclusion.

The judgment is affirmed and the appeal dismissed at the costs of appellant.