# Hoenigman v. Continental Insurance Company, Appellant.

*Fire insurance—Double insurance—Insurance companies—Insurance on same goods.*

Where one insurance policy covered "household furniture and fixtures of every description" and another covered "furniture and fixtures of hotel," and both referred to goods at the same location and owned by the same insured, the two policies cover the same subject, and a loss thereunder must be prorated between the two companies.

In such case, the amount due must be determined according to the provisions contained in the policy relating to co-insurance.

Argued November 13, 1924. Appeal, No. 199, Oct. T., 1924, by defendant, from judgment of Municipal Court of Philadelphia, Feb. T., 1923, No. 42, on verdict for plaintiff in the case of Joseph Hoenigman v. Continental Insurance Company. Before ORLADY, P. J., PORTER,

HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Assumpsit on policy of insurance.   Before LEWIS, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the plaintiff in the sum of $864.   Defendant appealed.

*Errors assigned* were refusal of various requests for findings of fact and conclusions of law, and the decree of the court.

*Horace Michener Schell,* for appellant.

*Henry Arronson,* for appellee.

OPINION BY TREXLER, J., February 27, 1925:

This is a suit brought to recover a fire loss under a policy issued by the Continental Insurance Company, the appellant.   The part of the policy which is pertinent to the inquiry which arises in this case is as follows: "All while contained in Stone Building, etc., same occupied as hotel (known as Central Hotel) situate on Bethlehem Pike, Flourtown, Montgomery County, Penna.; $800.   On household furniture and fixtures of every description, useful and ornamental, beds, bedding, linen, wearing apparel and material for the same; carpets, rugs, curtains, draperies, trunks, satchels, umbrellas, parasols, canes, fans, plate, plated, metal, glass and china ware; printed books and music, sewing machines, vacuum cleaners and their attachments; mirrors, spectacles, opera glasses, watches, jewelry in use, musical instruments and records, statuary, bronzes, bric-a-brac and other works of art; paintings, engravings, photographs and other pictures and their frames; billiard and pool tables and appurtenances, baby carriages, sport-

men's outfit, fire arms, fishing tackle, bicycles, cameras and amateur photographers' outfits, artists' materials, house and garden tools and implements, fuel, family stores and supplies, and all such other articles as are generally used in housekeeping, the property of the assured or any member of the family, including guests and servants." The insured had another policy in the Penn Mutual Fire Insurance Company of Chester County, all while contained in the 2½ story, stone and brick, shingle roofed building occupied as a dwelling and hotel. Situate on the west side of Chestnut Hill and Springhouse Turnpike, Flourtown, Montgomery County, Penna. The item is as follows: "$1,500. On furniture and fixtures of hotel, consisting principally of beds, bedding, linen, (wearing apparel of himself and family), printed books, pictures (no claim to exceed cost), curtains, carpets, rugs, mats, ornaments, bric-a-brac, china, stationery, glass and crockery ware, piano and stool, printed music, trunks, valises, fire arms, musical instruments, clocks, watches, and jewelry in stores, while contained therein." The company, the appellant, claims that these two policies cover the same subject, that there is double insurance and that, therefore, as to the loss, the policies pro-rate. The lower court took the opposite view. The test of double insurance is as stated in Sloat v. The Royal Insurance Company, 49 Pa. 14; Ziegler Company v. Commercial Union Assurance Company, 38 Pa. Superior Ct. 532, and Meigs v. Insurance Company of North America, 205 Pa. 378, that the policies must cover, whether issued simultaneously or in succession, the same subject, the same risk and the same interest. There is no doubt about it that the building described in the two policies is one and the same. The plaintiff contends that the policy of the Continental Insurance Company applied only to the third floor of the premises and covered only the personal property contained in that portion of the building and is not concurrent with the Penn Mutual Fire Insurance Company policy. The tes-

timony in the case shows that the first floor in the building was occupied as a bar room, public dining room and kitchen. The second floor consisted of six private dining rooms, a public bath, a hallway and two hotel bedrooms and a bath room used for these two rooms only. The third floor contained six rooms, one of which was occupied by the assured, his son-in-law and wife occupied another, the grandchildren of the assured occupied one, a waiter in the employ of the hotel occupied one, one was vacant, and a relative occupied the remaining room. The court held that since the one policy covered household furniture and fixtures of every description and the other furniture and fixtures of hotel that the two subjects of insurance were different. We have, after a careful examination of the two policies, come to a different conclusion. Each insurance covered the contents of the building. If there had been a specific insurance covering only the third floor of the building there should have been something in the policy to indicate that. The policy covered the personal property in whatever part of the building it was put. It was not restricted to the third floor. The word "dwelling" does not appear in the description contained in the policy. It was a hotel and the personal property enumerated was covered while contained in the building and occupied as a hotel and known as the Central Hotel. To carry out the plaintiff's contention we must read into the policy that it only covers property while contained in the third floor of the hotel. It will be noticed that the language of the policy is broad. Beside the articles specifically enumerated, it states, "all such other articles as are generally used in housekeeping, the property of the insured or any member of the family, including guests and servants." The use of the word "guests" when considered in connection with the fact that it is mentioned that the property is a hotel property is significant. In reading the subjects covered by the two policies, we note that many of them are identical and those that are not specifically men-

tioned can be covered by the general language employed of household furniture and fixtures. The policy covers "household furniture and fixtures" contained in a hotel building, and the policy of the Penn Mutual Fire Insurance Company covers "furniture and fixtures of hotel consisting principally of beds, bedding," etc. It may be observed that the billiard and pool tables and appurtenances are included in the subjects enumerated under the policy, which the plaintiff claims covers his household furniture on the third floor only. We think the subjects of the two policies were identical. We do not think that the reading of the policy justifies the conclusion of the lower court that the one policy is issued to cover only household furniture and wearing apparel and the other furniture and fixtures of a hotel. A reading of the two sections discloses no difference in the subject of the risk. It, therefore, follows that as to the loss, the two policies must pro-rate.

The question remains to be decided, whether the co-insurance clause contained in the plaintiff's policy applies. It reads as follows: "In consideration of the reduced rate and (or) form under which this policy is written, it is expressly stipulated and made a condition of this contract that in the event of loss this company shall be liable for no greater proportion thereof than the amount hereby insured bears to eighty per cent (80%) of the actual cash value of the property described herein at the time when such loss shall happen, nor for more than the proportion which this policy bears to the total insurance thereon." Co-insurance clause is very extensively used in our State and is provided for in the Act of May 17, 1921, P. L. 682, for in section 523, it provides for the added clauses to the standard policy form, "The extent of the application of insurance under this policy, and of the contribution to be made by this company in case of loss or damage, and any other agreement not inconsistent with or a waiver of any of the conditions or provisions of this policy, may be provided for by agree-

ment in writing added thereto." The purpose of the co-insurance is to stimulate full insurance. It may, in some cases, not be understood by the insurer, still there is a consideration for the reduced premium and it is the duty of the insured to know and understand the provisions of the policy. These two policies which we have considered being upon the same subject, the provision for co-insurance in the Continental Insurance Company policy must apply. Said company is only liable to its pro-rata amount as determined by its co-insurance clause. See Lycoming Mutual Insurance Company v. Stocklomn, 3 Grant 207. The amount of the loss which the company is required to pay shall be the proportion the amount insured $800 bears to 80% of the cash value of the property to wit, $4,148.46, making $268.08.

The judgment must be reduced to that amount. The record is remitted with the instructions that the judgment be entered for $268.08.