Miller *v.* The Home Ins. Co., Appellant.

Argued October 28, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNING-
HAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Horace Michener Schell,* and with him *Caleb S. Brinton* and *F. J. Templeton,* for appellant.

*E. M. Biddle, Jr.,* and with him *Wm. R. Johnston,* for appellee.

OPINION BY PARKER, J., March 3, 1933:

The appellant states the question involved in this case as follows: ''Does double insurance exist where two insurance policies cover the same premises and the same assured, one policy indemnifying against loss by windstorm and the second policy indemnifying against loss by fire and windstorm?''

The plaintiff having instituted an action in assumpsit and filed a statement of claim, the defendant replied with an affidavit of defense raising the question of law indicated in the foregoing statement of the question involved; and the parties then stipulated that if the court determined that there was double insurance, judgment should be entered for the plaintiff in the sum of $1,188.01 without costs, but should the court determine that there was no double insurance, then judgment should be entered for the plaintiff for the amount that the court found to be due under the pleadings. Each party reserved the right to appeal. The

lower court held that there was no double insurance and entered judgment against the defendant in the sum of $1,769.50 with interest.

All the facts essential to the determination of the question presented to us appear in the pleadings. The defendant company issued to the plaintiff an insurance policy indemnifying plaintiff against direct loss by "tornado, windstorm or cyclone" to an amount not exceeding $300 on his dwelling and $1,500 on his barn. That policy contained the following so-called "pro rata" clause: "If there shall be any other tornado insurance or contract of tornado insurance, whether valid or not, on the property described herein, claim upon this company shall be only for such proportion of the loss as the amount of this policy shall bear to the whole insurance." The policy also contained a 50 per cent co-insurance clause. Thereafter, the Patrons Mutual Fire Insurance Company issued to plaintiff a standard fire insurance policy on the same property, divided $1,700 on the dwelling and $1,500 on the barn. To this policy was attached a rider, the essential parts of which we quote: "This policy shall also cover any direct loss or damage to the property insured by it, caused by lightning, tornado or cyclone, not exceeding the sum so insured, nor the interests of the insured in the property, and subject in all other respects to the terms and conditions of this policy. Provided, however, if there shall be any other insurance on said property, this company shall be liable only pro rata with such other insurance for any direct loss by lightning, tornado or cyclone, whether such other insurance be against direct loss by lightning, tornado or not."

While the sound value of the barn was $3,282.05 and of the house $3,000, and while both policies were in force, the barn and house were damaged by a windstorm or tornado to the amounts of $2,291.15 and

$269.50, respectively. As indicated at the outset, a pure question of law is presented as to whether there was such double insurance on the property as limits the liability of the defendant to a pro rata share of the loss sustained.

Have we here a case of double insurance that renders operative the pro rata clause? In Sloat v. Royal Insurance Co., 49 Pa. 14, READ, J., said (p. 18): "Double insurance takes place when the assured makes two or more insurances on the same subject, the same risk, and the same interest. If there be double insurance, either simultaneously or by successive policies, in which priority of insurance is not provided for, all are insurers, and liable pro rata. All the policies are considered as making out one policy, and, therefore, any one insurer who pays more than his proportion, may claim a contribution from others who are liable. Fire policies usually contain express and exact provisions on this subject." This definition was not only repeated, but the matter was reconsidered in a number of later cases. See Clarke v. Western Assurance Co., 146 Pa. 561, 23 Atl. 248, and Meigs v. Ins. Co. of North America, 205 Pa. 378, 54 Atl. 1053. In the Meigs case, the court, reconsidering the Sloat case, said (p. 384): "The rule announced in that case is recognized and well understood as the law of the state by both the insurer and the policy holder, and to modify or change it now, with the vast interests depending upon its enforcement, would require stronger and more convincing reasons than have yet been presented."

Both of the policies under consideration contained the pro rata clause now usually found in insurance policies. Before this clause was used, the insured might recover the entire amount of the loss from any insurer, and the insurer paying might then recover contribution from the other insurers: Thurston v.

Koch, 4 Dal. 348. The clause contained in the policies we are now considering limits the claim of the assured, if there be double insurance, to a proportion of the loss sustained, determined under the terms of the contract by the amount of existing insurance. Both parties predicated their arguments on the definition of double insurance as announced in the Sloat case, and agree that the subject of the insurance, the barn and dwelling, and the interest of the assured in those buildings are identical. This is likewise the conclusion of the lower court as stated in the opinion filed. The word "risk" is therefore the only term unconstrued in the definition.

Is the same risk assumed by the insurers in the two policies? The appellee and the lower court rely principally upon the cases of Sloat v. Royal Ins. Co., supra; Clarke v. Western Assurance Co., supra, and Meigs v. Ins. Co. of North America, supra. In the Sloat case, the assured was protected by several fire policies, but the question raised concerned only a policy of the defendant on the building alone, and the policy of another insurer on the building, machinery, and stock. The total insurance carried by the assured on the building was sufficient to cover the loss sustained on the building; that on the machinery and on the stock was not sufficient, nor did the total insurance cover the total loss on building, machinery, and stock. The policy of defendant contained a pro rata clause, and it was held that the *subject* was not the same; that it was not, therefore, double insurance; and that the assured was entitled to recover the amount of the policy sued upon without proration.

In Clarke v. Western Assurance Co., supra, it was again held that when two policies insure the same property, but one of them covers other property also, without specifying how much of the insurance applies to each property, a case of double insurance is not present.

In the Meigs case, the same principles were applied to a case where the *subject* insured was again involved. In that case, one policy was on an entire building, the other on part of the building—an addition afterwards constructed—and the principal loss was to the addition. It was held there was no double insurance.

The lower court, reasoning by analogy from those cases, concluded that if there was not identity of *subject* where one item in a policy covered a building alone and an item in another policy covered building and contents, there would not be identity of risk where one policy covered fire and another covered fire and tornado. Precisely at this point we believe the lower court fell into error in not giving proper consideration to the contract of insurance. We are all of the opinion that there was double insurance as the term is here used, and the two insurers were bound by the same risk. In considering the question of identity of risk, we note that the problem may arise in different situations. It may signify one thing where the right of recovery is dependent upon the principles of equitable contribution, and have another meaning where the basis of a claim is a contract. Again, parties concerned may, as the definition first cited shows, by agreement determine what shall be considered the same risk. By the terms of the contract, if there was "any other tornado insurance or contract of tornado insurance, whether valid or not," on the barn and the dwelling, the defendant was to be liable only for its pro rata share of the loss. The subject and the interest, it is admitted, are identical. Plaintiff had tornado insurance and a contract of tornado insurance with the Patrons Mutual Fire Insurance Company, and the adjustment of loss which it submits as an exhibit indicates that he is looking to it for a payment of a portion of the loss on both the barn and the house. How can it then be said that there is not other tornado

insurance and another contract of tornado insurance (valid or not)? The Supreme Court, in the Sloat case and those cases which followed it, did not consider the subject of identity of risk, and there is nothing to indicate that the parties might not agree as to what should constitute another risk. Those cases dealt alone with identity of *subject* and of *interest;* all the reasoning of the cases is based on an assumption that there was other insurance covering the same peril. It was there held that there was not identity of subject under the facts of the particular cases, just as we have held in other cases that there must be identity of interest. See Yanko v. Ins. Co., 31 Pa. Superior Ct. 1, and Swoope v. U. S. Fire Ins. Co., 87 Pa. Superior Ct. 349.

No case from our own state which is decisive of the question here involved has been called to our attention, nor have we been able to discover any such. We are asked to move into a new field and modify a written contract that is clear and specific by "engrafting upon it the rules governing suits for contribution among insurers." The primary question here involves rather the construction of a written contract than the rules of contribution. If we were concerned with a case where there were no pro rata clauses, and recovery had been had by the insured against one of several insurers, and the party paying sought contribution from the co-insurers, he would be dependent upon equitable principles involving contribution, and it would be necessary to show that the insurers were *equali jure*. There are numerous cases in which it has been so held. Equality in bearing a common burden is the principle upon which contribution rests. It does not rest on contract. The case of Southern Surety Co. v. Commercial Casualty Ins. Co., 31 Fed. (2nd) 817, referred to by the parties, is a case of that kind.

Here the parties have, in writing, dealt with the

matter of risk and said, in effect, that if there be other tornado insurance or contract of tornado insurance, whether valid or not, on the barn and the dwelling, defendants shall be liable only on a pro rata basis. That defines precisely what shall constitute the same *risk*. As we have pointed out, it cannot be gainsaid that there is other tornado insurance on the barn and dwelling. Such being the case, and remembering that subject and interest are the same, it follows as an irresistible conclusion that there is here a case of double insurance as the expression is used in the question submitted to the court. The position contended for by appellee, if sustained, would result in our holding that the parties could not contract for a limitation of liability for a proportion of the loss where there was other insurance, and that the slightest variation in the words of the contract would destroy such right to make their own contract.

The judgment of the lower court is reversed, and it is directed that judgment be entered in accordance with this opinion.