### Keystone Lumber Co. *v.* Security Mutual Casualty Co., Appellant.

Argued April 23, 1931.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*Robert A. Applegate,* and with him *Rose & Eichenauer,* for appellant.

*William A. Jordan,* for appellee.

OPINION BY KELLER, J., July 8, 1931:

This is an action on a policy of public liability insurance.

The assured, the plaintiff in this suit, was engaged in the business of buying and selling lumber. One of its employes while in the course of his employment, for the purpose of delivery to a customer, unloaded a truck load of lumber in an alley which adjoined the premises of the purchaser and of one Anthony Izzo. He piled the lumber so negligently that a child of Izzo's, while afterwards playing in the alley was hurt. Izzo brought an action of trespass against the lumber company and recovered a verdict and judgment. That action established the negligence of the lumber company's employe and its liability for the injury sustained; and as the lumber company gave prompt notice of the Izzo action to this defendant, the insurer under the policy in suit, and called upon it to defend the action in accordance with the terms of the policy, the judgment in that action also concludes this defendant as to the injury having been caused by the negligence of the employe of the assured and the latter's liability therefor, (Orth v. Consumers Gas Co., 280 Pa. 118;

Fowler v. Jersey Shore Borough, 17 Pa. Superior Ct. 366), leaving, as the only question here involved, the liability of the defendant under its policy.

The accident to the Izzo child did not happen until three days after the lumber was unloaded, but at the time of its occurrence, the employe who unloaded it and was responsible for the injury to the child, was in this plaintiff's exclusive employ and on its pay roll and in its service in connection with its business operations, but elsewhere than at the place of the accident.

The pertinent clauses of the policy are paragraphs I, V and VII, and are printed in the reporter's note.

As the accident was caused by an employe "whose entire remuneration [was] included in the compensation upon which the premium for [the] policy [was] computed and who was engaged at the time of such injury in the service of the assured in connection with the business operations described," the case is literally within the provisions of paragraph VII of the policy and would sustain a judgment in the plaintiff's favor.

But counsel for defendant claims that a literal interpretation of the policy is a forced and unreasonable one, and not intended by the parties; that the provision in the policy above referred to "contemplates but one situation, viz: An injury caused by an employe *while engaged* in performing some duty in the course of his employment." But if the employe's negligence caused the accident and resulting injury, as was established conclusively as respects this action by the Izzo suit, then this case comes within the counsel's own interpretation of the meaning of the provision, for as the negligent act causing the injury was done by plaintiff's employe while performing some duty in the course of his employment, it may properly be said that the "injury was *caused* by an employe *while en-*

*gaged* in performing some duty in the course of his employment.''

What the appellant is really trying to do is to amend its policy so that the last sentence of the seventh paragraph shall read: ''This agreement shall also apply to such injuries so sustained elsewhere if caused by salesmen, collectors, messengers or other employes whose entire remuneration is included in the compensation upon which the premium for this policy is computed and who are engaged at the time of such injury [*and at the place of its occurrence*] in the service of the assured in connection with the business operations described;'' thus requiring that the negligent act and resulting injury must be coincident. But in view of the interpretation of appellant's counsel quoted above, we are of opinion that if any amendment is needed to the provision above, in order to make its meaning and purpose clear, it should rather be: ''This agreement shall also apply to such injuries so sustained elsewhere if caused by salesmen, collectors, messengers or other employes whose entire remuneration is included in the compensation upon which the premium for this policy is computed, and who are engaged at the time of [*causing*] such injury in the service of the assured in connection with the business operations described.''

What was intended to be insured against, in the light of the whole policy, was injury to persons other than employes, received on the premises of the assured, or off the premises, if caused by the act or negligence of an employe of the assured, whose entire remuneration was included in the compensation upon which the premium for the policy was computed, and who was at the time thereof—that is, of causing the injury—engaged in the service of the assured in connection with the business operations described. The policy contains no requirement that the resulting injury must

follow the negligent act so closely that they are practically coincidental; the stress is laid on the condition that the one doing the negligent act which caused the injury must be at the time of its performance, if off the premises of the assured, actually engaged in the service of the assured in connection with the business described in the policy.

Keeping in mind the rule of law that a policy of insurance should be construed most strongly against the insurer, and, if possible, so as not to defeat the indemnity which the assured sought and thought he had secured through the policy of insurance, (Bingell v. Royal Ins. Co., 240 Pa. 412, 417; Montgomery v. Southern Mutual Ins. Co., 242 Pa. 86, 90; Central Market Street Co. v. Ins. Co., 245 Pa. 272, 276; Bone v. Detroit Nat. Fire Ins. Co., 261 Pa. 554, 558), we are of opinion that the circumstances of this case bring it within not only the letter, but also the spirit, of the policy and warrant a recovery upon it.

Judgment affirmed.