Westbrook, Appellant, *v.* Continental Life Insurance Company.

564

Argued December 14, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Grant W. Nitrauer,* and with him *C. C. Shull,* for appellant.

*A. Greenwald Gearhart,* and with him *John G. Kaufman* and *Chester H. Rhodes,* for appellee.

Opinion by Trexler, P. J., February 1, 1934:

Robert J. Westbrook, husband of Mary C. Westbrook, the plaintiff appellant, was at the time of his death, insured in the Continental Life Insurance Company of St. Louis, Missouri. While he and another were sawing an oak tree, a log accidently rolled against Westbrook's right leg and produced a small cut which bled a little. The injury was inside his shoe top and just above the ankle. It was about an eighth of an inch broad and an inch across. The wife describes it as a "small cut about the size of a dime, sort of circle, not perfectly round but quite like a crescent." Through this abrasion, germs found en-

trance through the abrasion and the leg became inflamed and infected and death finally resulted, the cause of death being streptococci septicemia.

The present suit is brought to recover in addition to the amount heretofore paid under the policy, the sum of $2,500 by reason of provisions of a rider attached to the policy which afforded double indemnity benefits for accidental death. The language employed provides: "The company agrees to pay five thousand dollars which is double the face amount of the aforesaid policy and in lieu thereof, to the beneficiary named therein, in event of the accidental death of the insured as hereinafter defined ...... except that this double indemnity benefit shall not be payable if the insured's death shall result directly or indirectly, wholly or partly from suicide, whether sane or insane, from poisoning, infection or any kind of illness or disease, or from bodily injuries received while engaged in military or naval service or from participating in aeronautics or submarine operations."

If death resulted directly or indirectly, wholly or in part from an infection of any kind, the company is not liable. The appellant argues that the cause of death was the accident suffered by the log striking the leg and that the blood poisoning which resulted was merely an incident and an effect of the accident; that the abrasion on the skin set in motion a train of events which brought about the result. In the solution of the problem, we must consider the clause in its ordinary sense. The scratch on the leg did not alone cause insured's death. The doctor testified that the "immediate cause of death was streptococci septicemia due to the injury." "The cut did not cause his death."

It is obvious that the death resulted "directly or indirectly, wholly or partly" from the infection. The court below found no ambiguity in this language and felt it to be its duty to construe it to mean just what it said, citing Levinton v. Ohio Farmers Ins. Co., 267

Pa. 448, 110 A. 295; Urian v. Scranton Life Ins. Co., 310 Pa. 144, 165 A. 21. In the latter case, Justice SIMPSON who wrote the opinion held that a provision similar to the one we are considering in some respects which excluded death from poisoning was not covered by the policy and took occasion to correct the view taken by the lower court that the word poison only meant something taken internally into the stomach. The insured in that case died of inhaling carbon monoxide gas. The court held that there was no ambiguity in the term employed and that it had no right to impose one. Applying the same rule to the present case, taking the plain language of the clause which excludes certain causes of death, we must conclude that the present facts do not entitle the plaintiff to recover. "We have no right to refine away any of the words of the policy": Trau v. Pref. Accident Ins. Co., 98 Pa. Superior Ct. 89. The policy was not to cover all accidents, but only particular kinds. Were there any doubt as to the meaning of the words employed in a policy of insurance that doubt should preferably be resolved against the company. Courts, however, may not raise a doubt where none exists, or to quote from an English case cited by the appellee, United London & Scottish Insurance Co., Brown's Claim, 8 Chancery 167, 'the only duty which the court has to perform is to determine whether the particular event is or is not covered by the policy. Directly you depart from the literal meaning of the words, you embark upon a sea of difficulties and speculation which ought I think to be avoided."

The insured's death resulted "directly or indirectly, wholly or partly" from infection and the double indemnity clause of the policy having excluded a death due to such cause, there can be no recovery under it.

The judgment is affirmed.