## Carlisle Trust Co., Trustee, v. Patrons' Mutual Fire Ins. Co. of Southern Pennsylvania

*E. M. Biddle, Jr.*, for plaintiff.

*Merrill F. Hummel* and *John D. Faller*, for defendant.

REESE, P. J., March 13, 1935.—The pleadings disclose substantially the following facts. The defendant company insured the barns on two farms of the plaintiff against fire. Attached by rider to each policy was the following clause:

"This policy shall also cover any direct loss or damage to the property insured by it, caused by lightning, tornado or cyclone, not exceeding the sum so insured,

nor the interest of the insured in the property, and subject in all other respects to the terms and conditions of this policy. Provided, however, if there shall be any other insurance on said property, this company shall be liable only pro rata with such other insurance for any direct loss by lightning, tornado or cyclone, whether such other insurance be against direct loss by lightning, tornado or not."

The plaintiff had policies in other companies insuring against loss by fire only but there was no insurance against loss through tornado or cyclone except that provided by the foregoing clause attached to the defendant's policies. The plaintiff suffered a loss by damage to the insured property resulting from cyclone. The defendant contends that it is liable for such proportion of the loss as the amount of its policies bears to the amount of all the insurance on the barns in question including fire insurance.

On the other hand, plaintiff contends that defendant may pro rate only with other insurance against loss by tornado or cyclone for the reason that a pro rata clause operates only when there is double insurance, which takes place when the insured has two or more policies on the same interest, the same subject and the same risk. In support of this contention is cited Meigs v. Insurance Company of North America, 205 Pa. 378, Clarke et al. v. Western Assurance Co., 146 Pa. 561, Sloat v. The Royal Insurance Co., 49 Pa. 14, and similar cases. Plaintiff argues that in the instant case there was no identity of risk inasmuch as the defendant's policies insured against loss by fire and also loss by tornado or cyclone, and the other policies carried by plaintiff insured against loss by fire only. Hence, plaintiff argues, defendant cannot pro rate with the latter insurance.

Precisely the same argument was advanced by the plaintiff and the same cases cited in support of it in

Coull v. Union Mutual Fire & Storm Ins. Co., 42 Montg. 46. The court answered plaintiff's contention as follows, p. 50:

"It is not to be denied that, even if, in the event of double insurance, either simultaneously or by successive policies in which priority of insurance is not provided for, all are insurers and liable pro rata and all the policies are considered as making but one policy and, therefore, any one insurer who pays more than his portion may claim a contribution from others who are liable, still there can be no double insurance unless the two or more insurances made by the assured are on the same subject, risk and interest: Sloat v. Royal Insurance Co., Clark v. Assurance Co., Meigs v. Ins. Co. of North America . . . supra. It is not to be denied, also, that the risk of loss and damage 'by fire and windstorm' and the risk of loss and damage 'by fire' are not 'the same risk'. The question here presented, however, is not one arising between two or more co-insurers with reference to their respective pro rata liabilities. This is not an action by an insurance company which has paid more than its share of a loss to recover the excess by way of contribution from another company liable for but unpaying of damage. This is a suit between the insured and the insurer in which the former seeks to recover on his insurance agreement with the latter and, therefore, the inquiry involved is confined exclusively to the contractual relationship of the two litigating parties."

The same distinction, between what constitutes "identity of risk" and "double insurance" in a suit for contribution among insurers and what is meant by those terms where they are dealt with in the contract of the parties themselves, was pointed out in Miller v. The Home Ins. Co., 108 Pa. Superior Ct. 278, 283, the court stating: "In considering the question of identity of risk, we note that the problem may arise in different situa-

tions. It may signify one thing where the right of recovery is dependent upon the principles of equitable contribution, and have another meaning where the basis of a claim is a contract." On page 284 the court said: "We are asked to . . . modify a written contract that is clear and specific by 'engrafting upon it the rules governing suits for contribution among insurers.' The primary question here involves rather the construction of a written contract than the rules of contribution."

The instant case falls squarely within the sentence last quoted from the opinion of the Superior Court. Hence we cannot adopt the plaintiff's contention and limit the application of the pro rata clause by the meaning given to "identity of risk" and "double insurance" in suits for contribution among insurers. The question here involves the construction and interpretation of the clause, above quoted, which insured the plaintiff against loss by cyclone or tornado.

We are not unmindful of the principle that an insurance policy should be construed most strongly against the insurer: MacDonald v. Metropolitan Life Ins. Co., 304 Pa. 213; West v. MacMillan et al., 301 Pa. 344; Keystone Lumber Co. v. Security Mutual Casualty Co., 103 Pa. Superior Ct. 154; also, that doubtful or ambiguous language in a policy of insurance should be interpreted more strongly against the insurance company: West v. MacMillan et al., supra; further, that where the terms of the policy are susceptible, without violence, of two interpretations, that construction which is most favorable to the insured, in order to indemnify him against loss sustained, should be adopted: Weller et al. v. The Grange Mutual Casualty Insurance Company of Harrisburg, 105 Pa. Superior Ct. 547, 552. But it is equally well settled that, in order to construe the policy in favor of the insured, a doubt should not be created by a species of argument which would not be tolerated in any other kind of

contract, and therefore "where language is clear and unambiguous, it cannot be construed to mean otherwise than what it says:" Skelly v. Fidelity and Casualty Company of New York, 313 Pa. 202, 205; Urian v. Scranton Life Ins. Co., 310 Pa. 144, 151; Urian v. Scranton Life Ins. Co., 112 Pa. Superior Ct. 453, 457.

" 'We have no right to refine away any of the words of the policy'. . . . Were there any doubt as to the meaning of the words employed in a policy of insurance that doubt should preferably be resolved against the company. Courts, however, may not raise a doubt where none exists. . . . 'Directly you depart from the literal meaning of the words, you embark upon a sea of difficulties and speculation which ought . . . to be avoided' ": Westbrook v. Continental Life Ins. Co., 111 Pa. Superior Ct. 563, 566.

Applying these principles to that portion of the clause in question which provides for pro rating any loss which shall occur by reason of lightning, tornado or cyclone, we find it clear and unambiguous, and find no reason for construing it to mean other than what it says: "if there shall be any other insurance on said property, this company shall be liable only pro rata with such other insurance for any direct loss by lightning, tornado or cyclone, *whether such other insurance be against direct loss by lightning, tornado or not.*" (Italics ours.)

If the italicized portion were omitted, it might be doubtful as to the meaning of the term "other insurance" and the rule of strict construction might compel the conclusion that it meant "other insurance against lightning, tornado or cyclone." But this possible doubt is swept away by the use of the italicized portion and the only possible meaning of the entire clause is that the defendant company will pro rate any loss by lightning, tornado or cyclone with all other insurance on the prop-

erty, including fire insurance, whether such other insurance be against loss by lightning, tornado or not.

It will be observed that in the clause following that in question it is noted that no premium had been collected for protection against loss by lightning, tornado or cyclone. The company was apparently willing to give this additional protection without an additional premium but only on condition that for such a loss it would pay the same proportion that it would be liable for a fire loss. If the parties have thus limited the company's liability for such additional protection, their contract, if clear and unambiguous, must be so enforced.

The present case is not unlike Coull v. Union Mutual Fire & Storm Ins. Co., 42 Montg. 46, where the defendant was held entitled to pro rate a loss by windstorm with other insurance against loss by fire alone. It is significant that a bylaw of the company in that case is identical in its terms with the clause here involved.

The parties indicated at the oral argument that the rule for judgment for want of a sufficient affidavit of defense should be determined solely by the court's answer to the one question herein discussed. On this question we have decided that the affidavit of defense is sufficient to prevent judgment for the entire amount claimed by the plaintiff. However, the plaintiff will be entitled, upon præcipe, to judgment for the amount admitted by the affidavit of defense to be due.

And now, March 13, 1935, the rule for judgment for want of a sufficient affidavit of defense is discharged except as to the amount therein admitted by the defendant to be due to the plaintiff, for which amount the prothonotary is directed, upon præcipe, to enter judgment.

From Francis B. Sellers, Carlisle.