## Radella v. Bankers Mutual Fire Insurance Co.

Stewart P. McConnell, for plaintiff.
Reed, Ewing & Ray, for defendant.

SOHN, J., August 1, 1949.—John Radella brought an action in assumpsit against Bankers Mutual Fire Insurance Company on an insurance policy issued to plaintiff covering loss by collision or upset of a tractor and trailer. Defendant filed an answer to the complaint in which it avers that the equipment was not covered by the policy, and the damage was not caused by collision or upset as defined by the policy. Upon trial defendant admitted that the equipment was covered by the policy. Defendant relied on the defense that the damage was not caused by collision or upset as defined by the policy. A motion for a compulsory nonsuit was overruled, and defendant then stipulated as to the amount of damages. The court thereupon directed a verdict for plaintiff, in the amount admitted to be due if defendant is liable. Defendant's motion for judgment non obstante veredicto is now before the court for disposition.

The facts are not in dispute. At the time of the damage plaintiff's tractor and trailer were being used to transport fine slag from Midland to Monaca, Pa. The trailer was equipped with hydraulic hoist by which the front end of the trailer was raised when unloading. The trailer reached its destination at Monaca, and the

operator caused the front of the trailer to be raised on the hoist. All of the slag on one side slid out of the trailer. The slag was damp, and two or three tons of a 12 or 14 ton load remained in the trailer. Because of the elevation of one end of the trailer and the uneven distribution of the load, the tractor gradually tipped over until it rested on the ground. Plaintiff's claim is for damage to the trailer caused by the turning over of the trailer. The damage was not the result of the trailer coming in contact with the ground.

Coverage B of the policy indicates that payment of premium was to provide insurance against "collision or upset". The pertinent insuring agreement in the policy is:

"Coverage B—Collision or upset. Direct and accidental loss of, or damage to the automobile caused by collision of the automobile with another object or by upset of the automobile."

We conclude that plaintiff cannot recover for damage as a result of collision. Obviously the damage occurred before the side of the trailer struck the ground.

The question in this case is whether or not the damage was caused by upset of the trailer. Defendant contends that the words "collision or upset", as used in the policy, are to allow recovery for upset in those jurisdictions where collision with the ground is held not to be a collision under the terms of the policy. Typical cases so holding are Bell v. American Ins. Co., 173 Wis. 533, 181 N. W. 733; Great Eastern Casualty Co. et al. v. Solinsky, 150 Tenn. 206, 263 S. W. 71, and Brown v. Union Indemnity Co., 159 La. 641, 105 So. 918. In Pennsylvania the rule is otherwise, and recovery is allowed for collision with the ground. In Hatton v. Indemnity Insurance Company of North America, 93 Pa. Superior Ct. 310, 312, Judge Gawthrop said:

"The appellee strenuously contends that the damages resulted from the skidding and upsetting of the

car; that these were the proximate causes of the damage; and that the contact of the automobile with the roadway caused by the upsetting of the car was not a collision in the popular understanding of the word. While there is some force in this contention, it is not convincing. . . . In our view it is immaterial what caused the collision, so long as it was accidental, or whether the collision was with the surface of the highway on which the car was being operated, or with any other part of the earth or with some other object. If the terms of the policy which are being considered did not clearly include a collision of the car with the roadbed, resulting from an upset, the company could have limited its liability by a provision in the policy that it should not be liable for damages caused by striking the roadbed, as was done in the policy involved in the Wetherill case. After full consideration we are constrained to hold that the impact of the car with the surface of the road, due to an upset, is a collision with another object within the meaning of the language of the rider and the policy."

The policy in the instant case was written by a Pennsylvania insurance company and delivered in Pennsylvania, to a resident of Pennsylvania. In his brief counsel for defendant says:

"Defendant feels that the cases cited above cover the two lines of thought in defining collision which resulted in the adding by insurance companies of the words "or upset" to cover those situations, where the violent contact occurred between the insured automobile and the road bed or some other similar object with which the car came in contact once it had turned over. It is our argument that the inclusion of these words made the recovery uniform thereafter throughout the United States."

Defendant offered no evidence to support its contention. Whatever may be the law in other jurisdic-

tions, it is not necessary in Pennsylvania to add the word "upset" to provide coverage such as suggested by defendant.

An examination of the policy clearly indicates the risks covered. They are "collision of the automobile with another object, *or* upset of the automobile". Upset is one of the risks against which defendants insured. There is no limitation as to what kind of upset. Therefore, defendant insured against all upsets. Had the intention been otherwise, defendant readily could have provided for such contingency by the terms of the policy.

If there is doubt as to what was intended by the policy, we apply the general rule of law as to the construction of an insurance policy. In Sack v. Glens Falls Insurance Company, 356 Pa. 487, 490, Mr. Justice Drew said:

"Nor will defendant's position be more favorable if we assume that the words used were ambiguous. In Gnagey v. Pa. Thresh. & F. M. Cas. I. Co., 332 Pa. 193, 196, 2 A. (2d) 740, we said: 'In case of doubt or ambiguity, the provisions of an insurance policy will be viewed in the light most favorable to the insured: Brams v. New York Life Ins. Co., 299 Pa. 11; Janney v. Scranton Life Ins. Co., 315 Pa. 200.' "

In Snader v. London & Lancashire Indemnity Company, 360 Pa. 548, 551, Mr. Justice Stern said:

"It must, of course, be remembered that where the terms of a policy are susceptible of different interpretations, the construction most favorable to the insured should be the one adopted: *Humphreys v. National Benefit Association*, 139 Pa. 264, 271, 272, 20 A. 1047, 1048; *Marcello v. Concordia Fire Insurance Co.*, 234 Pa. 31, 38, 82 A. 1090, 1092; *Lewis v. Fidelity and Casualty Co.*, 304 Pa. 503, 508, 156 A. 73, 74; *Keystone Lumber Co. v. Security Mutual Casualty Co.*, 103 Pa. Superior Ct. 154, 160, 158 A. 314, 316; cf. *Tennant v.*

*Hartford Steam Boiler Inspection and Insurance Co.*, 351 Pa. 102, 108, 40 A. 2d 385, 387. The reason for this is that the language of the policy is prepared by the insurer, presumably with the purpose in mind of protecting itself against future claims in regard to which it does not desire to accept liability: see *Hoover v. National Casualty Co.*, 236 Mo. App. 1093, 1097, 162 S. W. 2d 363, 365."

The application of the foregoing rule justifies the conclusion that plaintiff is entitled to recover. Careful search has revealed no similar case in Pennsylvania. We have found two similar cases in other jurisdictions. These cases relate to policies insuring against "overturn of a vehicle". Overturn is synonymous with upset. In Carl Ingalls, Inc., v. Hartford Fire Ins. Co., 137 Cal. App. 741, 31 P. (2d) 414, the California District Court of Appeal reversed judgment for defendant. Hearing was denied by the Supreme Court. Plaintiff, a trucker, had a contract to haul flume iron across a winding mountain road. He secured an insurance policy to cover the transportation. The driver of a truck drove around a turn to the side of the road so that the right wheels of the trailer were at a level of about two feet lower than the level of the left wheels. The right wheels sank six inches to a foot in soft dirt; this caused the left wheels to raise about a foot from the ground which, in turn, caused the heavy load to slide off to the ground, resulting in damage to the iron. The left wheels settled back to the roadbed and the driver was able to pull the tractor back on the road. Defendant moved for a nonsuit on the ground that the cause of the loss was not a peril insured against in the policy. The policy insured against "overturning of vehicle", and "overturning of the truck". The court held:

"The most important question presented is as to the meaning of the phrase 'overturning of the truck.' The

respondent contends that nothing less than a complete overturning of the vehicle was contemplated by the policy and that the truck or trailer could not be said to have overturned until it had completely tipped over or until it had come to rest upon some part or parts thereof other than the wheels. We are unable to agree with this interpretation of the language used. As was said in *Granger v. New Jersey Ins. Co.*, 108 Cal. App. 290, 291: 'A risk fairly within contemplation is not to be avoided by any nice distinction or artificial refinement in the use of words.' Section 1644 of the Civil Code provides: 'The words of a contract are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning; unless used by the parties in a technical sense, or unless a special meaning is given to them by usage, in which case the latter must be followed.' . . .

"The effect of an overturning on the merchandise, which may thereby be dumped on the ground, is the same whether that overturning be complete or only partial, so long as it is sufficient to cause the injury. We see nothing in the language used to compel the conclusion that the insurance company was to be liable in case the vehicle completely overturned and be free from liability in case it only partially overturned. It is perfectly apparent from the evidence here that if the chains by which the load was fastened on this trailer had not broken, the trailer would have come to rest on its side and would then have been 'overturned' within the meaning contended for by the respondent. The fact that the chains broke and the load slipped off before the trailer came to rest and that, with the load removed, the vehicle righted itself, is not conclusive unless the overturning referred to in the policy and in the certificate must be construed to be a complete and permanent overturning. Even then the question would remain whether a vehicle lying on its side

would be overturned or whether all wheels must be in the air in order to come within the language used. It is significant that the covering clause limits the kind of flood insured against, but places no limitation or definition upon the other perils covered. It could hardly be argued that a loss caused by a collapse of part of a bridge was not covered because there had not been a total collapse of the bridge. The degree or amount of overturning of the vehicle used is no more fixed by the language used than is the degree or extent of collapse in a bridge.

"Having in mind the purpose of the policy, the general circumstances and the other provisions of the policy, as well as the clause here in question, and under the rules above referred to, we are of the opinion that there was an overturning of this vehicle within the meaning of the policy. It must be admitted that the vehicle partially overturned, causing the damage in question, and the language used in the policy is broad enough to cover both a partial and a complete overturning of the vehicle. In ordinary parlance, anything has been overturned when it has been sufficiently tipped over to spill its contents and, in the absence of anything in the policy indicating a different meaning, the ordinary sense of the words used should not 'by any nice distinction or artificial refinement' be changed in order to avoid a risk which seems to have been fairly within the contemplation of the policy."

In Moore v. Western Assurance Company of Toronto, 186 S. C. 260, 195 S. E. 558, the Supreme Court of South Carolina allowed recovery under a policy insuring against overturning. The policy insured against "overturning of the motor truck and/or trailer". The insured truck was proceeding along a highway surfaced with concrete. The truck was driven off the concrete onto the earthen shoulder of the highway. The right wheels sank down to the axles, a distance of two

or three feet. The load of fruit shifted its weight. The sideboards of the truck were thereby broken and a considerable portion of the fruit was precipitated to the ground and damaged. The court held:

" 'As to the overturning, the degree of overturning has nothing to do with it. A slight overturning is as much an overturning as a complete overturning.'

"And again: 'The contract is in writing between these parties, and it is my duty to construe the written contract, and under my view of it the defendant would be liable for damages caused by an overturning such as occurred in this case.'

"We find ourselves in agreement with the rulings of the trial judge. In the case of *Parker v. Jefferson Standard Insurance Co.*, 158 S. C. 394, 155 S. E. 617, 618, this court used the following language—quite applicable to the instant case: 'In the construction of insurance contracts, it is vitally essential that the courts do not ignore the fact that the primary object of all insurance is to insure, and that, in cases of doubt, uncertainty, manifest ambiguity, or susceptibility of two equally reasonable interpretations, since the language used is the selection and arrangement of the insurer, such contracts must be liberally construed in favor of the insured.' Citing a number of cases of this jurisdiction."

By the terms of the policy defendant insured against upset of the trailer. That contingency occurred and plaintiff is entitled to recover.

In its brief defendant contends that it is not liable to plaintiff because of an exclusion clause in the policy. This reason is not assigned either in defendant's motion for a nonsuit, or in the motion for judgment non obstante veredicto. At the trial the defense was that the damage to plaintiff's trailer was not the result of a collision or upset as those terms are used in the policy. When the trial judge overruled the motion for a

compulsory nonsuit, defendant rested its case without offering evidence. The policy contains this clause:

"This policy does not apply: (d) under any of the coverages, to any damage to the automobile which is due and confined to wear and tear, freezing, mechanical or electrical breakdown, or failure, unless such damage is the result of other loss covered by this policy."

Defendant contends that the upset was due to mechanical failure in that the hydraulic arm failed to support an uneven distribution of weight in the trailer. No evidence was offered to support the contention that mechanical failure caused the upset. The testimony establishes the fact that all the damage was caused by twisting when the trailer tipped over. There is no testimony to prove that mechanical failure was the cause of twisting of parts of the trailer. There is evidence that before the upset the hoist arm supported 12 to 14 tons. It gave way when the load in the trailer was two to three tons of slag. The cause of the upset likewise can be assigned to the uneven distribution of weight in the trailer. The upset may have been under way before there was twisting of any parts. The upset could have occurred if the hoist arm had remained rigid. The testimony does not establish the cause of twisting. Was the twisting of the hoist arm caused by the upset of the trailer before it came into contact with the ground, or was the twisting of the arm the cause of the upset? In the absence of testimony establishing that mechanical failure alone caused the damage, we cannot sustain defendant's contention. Under the provisions of the clause in question to preclude recovery, defendant must prove that the upset was due to *mechanical* failure. If the evidence supports the conclusion that the damage was "the result of other loss covered by this policy", plaintiff is entitled to recover. The exclusion of recovery for loss occasioned by me-

chanical failure is qualified. The policy allows recovery in the event of mechanical failure if the damage is the result of other loss covered by the policy. The conclusion is warranted that in this case the damage was the result of other loss covered by the policy—to wit, upset.

We conclude that defendant's motion for judgment non obstante veredicto should be overruled.